***********
Upon review of the competent evidence of record, with reference to the errors assigned, and the briefs and oral arguments of the parties, the Full Commission finds that good grounds exist to re-open the record to receive additional evidence as set forth below.
 ***********
On April 19, 2002, Plaintiff was working for Defendant-Employer as a checkout clerk, when he suffered a specific traumatic incident to his back while moving lawn mowers and a 10-gallon can of gasoline. Plaintiff filed a workers' compensation claim for this injury under North Carolina Industrial Commission File Number 239411. On May 5, 2002, Defendants accepted *Page 2 
Plaintiff's April 19, 2002 work injury as compensable via a Form 60. On January 8, 2003, Plaintiff suffered a re-injury/aggravation of his back condition, giving rise to the new onset of right lower extremity radicular pain. Although this was technically an aggravation of Plaintiff's April 19, 2002 work injury, he filed a new workers' compensation claim under North Carolina Industrial Commission File Number 266663, and Defendants disputed its compensability.
On July 19, 2005, Deputy Commissioner Phillip A. Baddour held an evidentiary hearing for North Carolina Industrial Commission File Number 266663, and filed an Opinion and Award
on August 17, 2006. Deputy Commissioner Baddour's August 17, 2006 Opinion and Award concluded that: Plaintiff's April 19, 2002 work injury caused his January 8, 2003 re-injury/aggravation; the employment offered to Plaintiff in October 2003 violated Plaintiff's work restrictions and was not suitable; Plaintiff had reasonable justification in refusing Defendant-Employer's October 2003 offer of employment, thereby entitling him to ongoing temporary total disability compensation; and upheld approval of Plaintiff's April 2004 Form 18M. Defendants appealed portions of Deputy Commissioner Baddour's August 17, 2006 Opinion and Award, but did not appeal the compensability of the January 8, 2003 re-injury/aggravation.
On June 5, 2007, the Full Commission filed an Opinion and Award concluding that: Plaintiff voluntarily resigned his employment with Defendant-Employer on October 10, 2003 without reasonable justification; Plaintiff failed to establish that any disability he may have suffered between October 10, 2003 and his December 20, 2004 fusion surgery was the result of his April 19, 2002 work injury; Defendants owed Plaintiff temporary total disability compensation from December 20, 2004 through May 26, 2005 and payment for future medical expenses resulting from his work injury; there was insufficient evidence to determine whether *Page 3 
Plaintiff made reasonable efforts to find suitable employment after May 26, 2005, thereby reserving this issue for later determination; and approving Plaintiff's April 2004 Form 18M.
On July 16, 2007, Plaintiff filed a Form 33 seeking temporary total disability compensation from May 25, 2007 to the present. On April 1, 2008, Deputy Commissioner John B. DeLuca held an evidentiary hearing on Plaintiff's July 16, 2007 Form 33, and filed an Opinion and Award on December 30, 2008. Plaintiff and Defendants timely appealed Deputy Commissioner DeLuca's December 30, 2008 Opinion and Award.
The issues in contention are: (1.) Whether and to what extent Plaintiff established disability after May 26, 2005? (2.) Whether Plaintiff is entitled to further benefits under the North Carolina Workers' Compensation Act? (3.) Whether Plaintiff's current claim should be dismissed under the doctrine of res judicata? Deputy Commissioner DeLuca concluded that: Plaintiff's current back complaints are related to his April 19, 2002 work injury, and his treatment with Dr. Margaret Ober Burke for these complaints is compensable; Plaintiff failed to establish disability from employment after May 26, 2005; and the doctrine of res judicata does not apply to Plaintiff's claim for temporary total disability compensation beyond May 26, 2005.
Prior to the hearing before the Full Commission, Plaintiff filed Plaintiff/Appellee's Motion to Introduce Newly Discovered Evidence concerning the deposition of Ms. Melanie Marshall, C.R.C., Q.R.P., Plaintiff's vocational rehabilitation counselor, and updates she made to her labor market survey immediately prior to her deposition. Plaintiff contends that Ms. Marshall's deposition transcript was not available until after Deputy Commissioner DeLuca closed the record in this matter, and that Deputy Commissioner DeLuca improperly denied the subsequent admission of such evidence into the record. Plaintiff further contends that the denial of his Motion precludes him from making comparisons between the new security officer position *Page 4 
listed in Ms. Marshall's updated labor market survey as available and her deposition testimony concerning this position in order to fully cross-examine the testimony of Ms. Marshall.
In Plaintiff/Appellee's Brief to the Full Commission, he also contends that Deputy Commissioner DeLuca erred by concluding that Plaintiff's gastro-intestinal issues were new issues unaddressed and unrelated to his July 16, 2007 Form 33, and thereby failing to allow consideration of such issues as they relate to his April 19, 2002 work injury.
The Full Commission is of the opinion that good grounds exist to re-open the record for the receipt of additional evidence concerning the issues raised in Plaintiff/Appellee's Motion to Introduce Newly Discovered Evidence, Plaintiff's gastro-intestinal issues, and any other evidence either of the parties contend is necessary in order to fully decide any issues raised as a result of this re-opening of the record.
Therefore, the Full Commission hereby ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the taking of evidence on the issues raised in Plaintiff/Appellee's Motion to Introduce Newly Discovered Evidence, Plaintiff's gastro-intestinal issues, and any other evidence either of the parties contend is necessary in order to fully decide any issues raised as a result of this re-opening of the record.
The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings before him or her, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner. *Page 5 
This the ___ day of July 2009.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________ PAMELA T. YOUNG CHAIR
S/___________________ STACI T. MEYER COMMISSIONER *Page 1